Scanned

RECEIVED-CLERK
U.S. DISTRICT COURT

'03 OCT 12 PM 7:13

EASTERN DISTRICT
OF TEXAS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 1 - 2003

DAVID J. MALAND, CLERK
BY
DEPUTY

1) WALTER SESSION;
2) MORRIS BYERS; and
3) FRENCHIE HENDERSON;

Plaintiffs

V.

1) RICK PERRY, in his Official Capacity
as Governor of the State of Texas;

2) TOM CRADDICK, in his Official Capacity
as Speaker of the Texas House of Representatives;

3) DAVID DEWHURST, in his Official Capacity
as Lieutenant Governor and Presiding Officer
Of the Texas Senate; and

4) GEOFFREY S. CONNOR, in his Official Capacity
as Texas Secretary of State;

Defendants

No. 2:03cv354 TJW

**PLAINTIFFS' ORIGINAL COMPLAINT AND REQUEST FOR DESIGNATION OF THREE-JUDGE COURT**

TO THE HONORABLE OF SAID COURT:

COME NOW Walter Session, Morris Byers, and Frenchie Henderson, Plaintiffs in the above captioned and numbered cause and, pursuant to the Article I, Section 4, Clause 1 of the United States Constitution; Title 28 U.S.C. Sections 2201, 2202 and 2284; and Title 42 U.S.C. Section 1983 and 1988; file this their Original Complaint and Request for Designation of Three-Judge Court, and in this connection would respectfully show unto the Court as follows:

I.

## JURISDICTION

The Plaintiffs' Complaint raises questions arising under the United States Constitution and federal law, and this Court has "federal question" jurisdiction pursuant to 28 U.S.C. Section 1331. Additionally, the Plaintiffs' Complaint challenges the constitutionality of the apportionment of congressional districts enacted by the 78th Texas Legislature on October 12, 2003 ("Plan 1374C"), and this Court therefore also possesses jurisdiction pursuant to 28 U.S.C. Sections 1343(a) and 2284(a).

Prior to designation of a three-judge panel of this Court in accordance with 28 U.S.C. Section 2284(b)(1), a single Judge of this Court is authorized, under 28 U.S.C. Section 2284(b)(3), to issue a temporary restraining order requested by Plaintiffs, subject to further review and consideration of Plaintiffs' application for an interim preliminary injunction by the designated three-judge panel of this Court.

II.

## PARTIES

(A)

Plaintiff 1) Walter Session, is a duly elected City Councilman for, and resident of, the City of Rusk, Cherokee County, Texas; and, a registered voter and taxpayer presently residing within the existing geographic boundaries of the 2nd Congressional District of Texas represented by Congressman Jim Turner of Crockett, Texas.

(B)

Plaintiffs 2) Morris Byers, and 3) Frenchie Henderson, are residents of Cherokee County, Texas; and are registered voters and taxpayers presently residing within the

existing geographic boundaries of the 2nd Congressional District of Texas represented by Congressman Jim Turner of Crockett, Texas.

(C)

Defendant Rick Perry is the duly elected Governor of Texas, and is the Chief Executive Officer of the State of Texas under Article IV, Section 1, of the Constitution of the State of Texas. Pursuant to both Local Rule CV-4 (c)(2) of the United States District Court for the Eastern District of Texas and Rule 4 (e)(1) of the Federal Rules of Civil Procedure; and, in accordance with Sections 17.026 (a) and 101.102 of the Texas Civil Practice and Remedies Code; the Plaintiffs intend to provide Defendant Perry with legal notice of this suit by service of summons on the Texas Secretary of State, on Defendant Perry's behalf, *via* U.S. certified mail, restricted delivery, with return receipt requested.

(D)

Defendant Tom Craddick is the duly elected Speaker and Presiding Officer of the Texas House of Representatives under Article III, Section 9 (b), of the Constitution of the State of Texas. Pursuant to both Local Rule CV-4 (c)(2) of the United States District Court for the Eastern District of Texas and Rule 4 (e)(1) of the Federal Rules of Civil Procedure; and in accordance with Sections 17.026 (a) and 101.102 of the Texas Civil Practice and Remedies Code; the Plaintiffs intend to provide Defendant Craddick with legal notice of this suit by service of summons on the Texas Secretary of State, on Defendant Craddick's behalf, *via* U.S. certified mail, restricted delivery, with return receipt requested.

(E)

Defendant David Dewhurst is the duly elected Lieutenant Governor of Texas, and is the Presiding Officer of the Texas Senate under Article IV, Section 16, of the Constitution of the State of Texas. Pursuant to both Local Rule CV-4 (c)(2) of the United States District Court for the Eastern District of Texas and Rule 4 (e)(1) of the Federal Rules of Civil Procedure; and in accordance with Sections 17.026 (a) and 101.102 of the Texas Civil Practice and Remedies Code; the Plaintiffs intend to provide Defendant Dewhurst with legal notice of this suit by service of summons on the Texas Secretary of State, on Defendant Dewhurst's behalf, *via* U.S. certified mail, restricted delivery, with return receipt requested.

(F)

Defendant Geoffrey S. Connor is the Secretary of State of the State of Texas, is an Executive Officer of the State of Texas under Article IV, Section 1, is appointed by the Governor of Texas by and with the advice of the Texas Senate under Article IV, Section 21, of the Constitution of the State of Texas, and is the Chief Election Officer for the State of Texas. Pursuant to both Local Rule CV-4 (c)(2) of the United States District Court for the Eastern District of Texas and Rule 4 (e)(1) of the Federal Rules of Civil Procedure; and in accordance with Sections 17.026 (a) and 101.102 of the Texas Civil Practice and Remedies Code; the Plaintiffs intend to provide Defendant Connor with legal notice of this suit by service of summons *via* U.S. certified mail, restricted delivery, with return receipt requested.

III.

FACTS

(A)

On November 14, 2001, a federal three-judge panel in Balderas v. Texas, No. 6:01CV158 (E.D. Tex.)("Balderas"), based on its finding that existing congressional districts in Texas were unconstitutional, and based upon the continuing "failure of the State [of Texas] to produce a congressional redistricting plan", reluctantly accepted the "unwelcome obligation of performing in the legislature's stead." Id., Memo. Op. at page 1. After reviewing the evidence and the parties' submissions, the Balderas court Ordered implementation of new Congressional districts based on the 2000 census and federal apportionment which entitled the People of Texas to two additional congressional seats in the United States Congress.. Id., Memo Op., pages 4-14.

(B)

On February 12, 2002, the Balderas plaintiffs filed a jurisdictional statement in the United States Supreme Court and sought review of the remedy provided in the Balderas judgment. See Balderas v. Texas, No. 01-1196, (Supreme Court Docket). On March 5, 2002, Republican congressman Tom Delay, a named party in Balderas v. Texas, *supra*, filed a waiver of his right to respond to the Balderas plaintiffs' appeal in the Supreme Court. On March 4, 2002, the State of Texas, which did not itself appeal, filed a motion responding to the Balderas plaintiffs' appeal and urged the United States Supreme Court to affirm the lower court's November 14, 2001 Judgment which, as a remedy for the violation of the Balderas plaintiffs' constitutional rights, had established and implemented the new Congressional districts. Ibid. On June 17, 2002, the Supreme Court

summarily affirmed the <u>Balderas</u> panel's Judgment without a written opinion. <u>Balderas v. Texas</u>, 536 U.S. ___, 122 S.Ct. 2583 (2002).

(C)

Following examination of statewide election returns in Texas and several other States in the November, 2002, elections, national Republican Party figures, including but not limited to Tom Delay (the Republican majority leader of the United States House of Representatives), and Karl Rove (a high level Republican political advisor to George W. Bush, President of the United States), devised a political strategy to pressure local Republican members of the State Legislatures of Colorado, Pennsylvania and Texas (wherein the Republican Party had gained a dominant political majority after elections in November, 2002), to revise existing congressional districting lines and enact new partisan congressional districting statutes that would ensure the future election of Republican candidates to a disproportionate share of each of those States' congressional delegations.

(D)

Beginning in the Spring of 2003, at the behest of Tom Delay, and in reliance on a legal opinion issued by the Texas Attorney General which concluded that "Texas legislators are entirely free to replace the court-ordered plan", <u>Tex.Att'y Gen.Op.</u>, No. GA-0063, at page 4, Republican members of the Texas Legislature embarked on a purely partisan political mission to enact new congressional districts that would ensure the long-term future election of Republican candidates to a disproportionate share of each State's congressional delegations.

6

(E)

On or about October 12, 2003, after three Special Sessions of the 78th Texas Legislature for the purpose of congressional redistricting, the Texas Legislature enacted House Bill 3 ("HB3"), which by statute provides new congressional districts for the State of Texas. As enacted, HB3 dissolves the rural congressional district within which the Plaintiffs presently reside; submerges a rural East Texas community of interest presently enjoyed by Plaintiffs and shared by others, through the tactic of placing Plaintiffs in a new congressional district with 320, 639 suburban voters from Dallas county alone; and, in application, will operate to effectively and permanently sever, as intended, the political relationships, respectively, between the Plaintiffs and their present congressmen, Jim Turner.

(F)

The Plaintiffs allege the revision of Texas congressional districts by the 78th Texas Legislature under HB3, for a second time in less than two years, violates Article I, Section 4, Clause 1 of the United States Constitution. In this connection, Plaintiffs allege the earlier revision of congressional districts by the three-judge court in <u>Balderas</u>, in light of traditional redistricting principles and law of the State of Texas at the time the <u>Balderas</u> judgment was entered, constituted an exercise of constitutional power under Article I, Section 4, Clause 1 of the United States Constitution; was functionally and legally equivalent to revision of congressional districts by the Texas State Legislature under Article I, Section 4, Clause 1; and, that the provision of congressional districts by the <u>Balderas</u> judgment operated to exhaust all federal constitutional power possessed by

the Texas Legislature to enact, revise, modify or alter, congressional districts in Texas until after the 2010 federal decennial census and federal apportionment.

(G)

The Plaintiffs say that under federal law, the three-judge court in <u>Balderas</u> when entering its final judgment was bound by, and in fact followed, existing traditional redistricting principles and law of the State of Texas which did not recognize congressional redistricting more than once after each federal decennial census and federal apportionment. In further support of the relief requested by Plaintiff herein, the Plaintiff would specifically show that:

1) Texas does not have, and never has had, any custom, practice or policy that authorizes congressional redistricting more than once after each federal decennial census;

2) prior to the entry of the final judgment in <u>Balderas</u>, the "traditional redistricting principles" of the State of Texas prohibited congressional redistricting more than once after each federal decennial census, as evidenced in part by the historical record of congressional redistricting in Texas, and by the fact that the State of Texas has affirmatively prohibited such a practice in its State Constitution with respect to State legislative redistricting;

3) the three-judge federal district court in <u>Balderas</u> was bound to follow pre-existing customs, practices and policies of Texas when drawing new congressional districts and entering its judgment;

4) the final judgment of the federal district court in <u>Balderas</u>, while on its face silent of the question, effectively followed and applied the "traditional redistricting principles" of Texas which existed at that time and prohibited redistricting more than once after each federal decennial census; and

5) due to the failure of Defendant Perry and the Official Capacity predecessors of Defendants Craddick, Dewhurst and Connor to appeal on behalf of the State of Texas from the <u>Balderas</u> judgment, the Defendants remain legally bound by that judgment and *a fortiorari* are prohibited from causing new congressional districts to be enacted until after the 2010 federal decennial census and federal apportionment.

(H)

The Plaintiffs further say the actions of the Defendants Perry, Craddick, Dewhurst and Connor, have resulted in an intolerably divisive and disruptive atmosphere that has wholly undermined the proper governance of the State of Texas by State officials; and have prejudiced (and will continue to prejudice) Plaintiffs' constitutionally protected reasonable expectations and legitimate interests in repose, stability and continuity in the organization of the federal electoral system. Additionally, the Plaintiffs say they have a constitutionally protected interest in effective representation in the United States Congress without unlawful distraction, interference or obstruction by the Defendants and certain political figures in the Republican Party operating at both the State and National level.

(I)

The Plaintiffs allege that no legitimate governmental objective exists to justify the actions of the Defendants, as a revision of the current congressional districts by the Texas Legislature is not supported by any meaningful shift in population or intervening change in law, since the entry of the final judgment in <u>Balderas,</u> that could warrant implementation of new or different congressional district lines.

(J)

The Plaintiffs further allege the Defendants' relentless and politically motivated actions in furtherance of the foregoing partisan objective to devise new congressional districts in Texas, as widely reported in the local and national news media, have not only resulted in chaos in the institutional governing bodies of the State of Texas, but have also resulted in the unnecessary expenditure of millions of dollars in public funds. The Plaintiffs reasonably anticipate the Defendants will carelessly and with deliberate indifference continue to unlawfully and unnecessarily waste public funds to advance their purely partisan purposes as alleged, unless restrained and enjoined by this Court from doing so.

IV.

RELIEF REQUESTED

In light of the foregoing facts and claims, the Plaintiffs move the Court to:

A) Issue a temporary restraining order, upon the filing of an Application for such Relief by Plaintiffs, prohibiting the Defendants, their agents, successors, assigns, or anyone acting in concert with them, from engaging in any actions, and from taking any steps, intended for the

purpose, or likely to cause, the election of congressional representatives from congressional districts other than those presently in effect in the State of Texas as the result of the final judgment issued by the three-judge federal district court in <u>Balderas v. Texas</u>, No. 6:01CV158 (E.D. Tex.)(November 14, 2001); and

B) Refer Plaintiffs' request for a preliminary and permanent injunction herein (along with any formal Application for same to be filed) to a three-judge panel for review, hearing, and determination of the merits of those requests, pursuant to 28 U.S.C. Section 2284(b)(3).

After referral of Plaintiffs' requests for a preliminary and permanent injunction to the full three-judge panel in accordance with 28 U.S.C. Section 2284(b)(1), Plaintiffs would respectfully move the full panel of the Court to:

C) Set an early hearing on the Plaintiffs' Motion for a Preliminary Injunction; and after hearing on said motion,

D) Grant Plaintiffs' request for a preliminary injunction; and after full consideration of the merits of Plaintiffs' claims herein,

E) Issue a declaratory judgment, pursuant to 28 U.S.C. Section 2201, which declares that the congressional districts ordered in the final judgment issued by the three-judge federal district court in <u>Balderas v. Texas</u>, No. 6:01CV158 (E.D. Tex.)(November 14, 2001), constitute the congressional districts in and for the People of the State of Texas "under the law thereof" within the meaning of Article I, Section 4,

Clause 1 of the United States Constitution, which shall not be altered by Defendants prior to the 2010 federal decennial census and federal apportionment;

F) Issue a permanent injunction, pursuant to 28 U.S.C. Section 2202, prohibiting the Defendants, their agents, successors, assigns, or anyone acting in concert with them, from engaging in any actions prior to publication of the 2010 federal census and federal apportionment, intended for the purpose, or likely to cause, alteration or modification of the existing congressional districts prior to the 82nd Session of the Texas Legislature;

G) Issue a permanent injunction prohibiting the Defendants, their agents, successors, assigns, or anyone acting in concert with them, from applying or enforcing Texas Elections Code, Section 172.023(a), *as amended by* C.S.H.B.1, Section 6, 78th Leg., 3rd Called Session, which would otherwise require Texas congressional candidates to file applications for election to the United States House of Representatives under congressional districts enacted under HB3; would modify the filing period of such candidates for a place on the general primary ballot; and unless enjoined, would expressly invalidate applications for a place on the general primary ballot that have been filed prior to the effective date of that amendment;

H) Award the Plaintiffs nominal damages pursuant to 42 U.S.C. Section 1983;

I) Award the Plaintiffs reasonable costs, and reasonable attorney's fees pursuant to 42 U.S.C. Section 1988, necessary to the prosecution of this matter; and

J) Grant such other and further relief to which the Plaintiffs may show themselves entitled.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that process will issue requiring the Defendants to appear and answer to Plaintiffs' Original Complaint, and that in due course, this Honorable Court will grant the relief requested by Plaintiffs, and will grant such other and further relief to which Plaintiffs may show themselves entitled.

Respectfully submitted,

Richard Gladden
Texas Bar No. 07991330
1602 East McKinney Street
Denton, Texas 76209
940/323-9307
Fax: 940/323-1697
*Attorney-in-Charge for Plaintiffs*