IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| LEAGUE OF UNITED LATIN AMERICAN CITIZENS, ET AL. | § § § | |
| vs. | § § | CIVIL NO. 2:03-CV-354 CONSOLIDATED |
| RICK PERRY, GOVERNOR OF TEXAS, ET AL. | § § § | |

## GI FORUM PLAINTIFFS' EMERGENCY MOTION TO PERMIT BEXAR COUNTY TO INCLUDE WEEKEND DAYS IN EARLY VOTING FOR THE CD23 SPECIAL RUNOFF ELECTION

NOW COME Plaintiffs American GI Forum of Texas, *et al.* (GI Forum Plaintiffs) and request that this Court enforce its remedial order by enjoining the State from limiting the early voting period set by Bexar County for the special runoff election for U.S. Representative for Texas Congressional District 23.

Bexar County has sought to commence early voting on Saturday, December 2, 2006, in order to include at least one weekend in the early voting period for the special runoff. The State of Texas, pursuant to a Proclamation issued by Governor Perry on November 22, 2006, has required that early voting commence on December 4, 2006 and not include any weekend days in early voting. Because excluding weekend days from early voting in the special runoff election runs contrary to the Texas Election Code, and past Texas practice, and defeats the purpose of this Court's remedial order creating CD 23 as a Latino opportunity district, GI Forum Plaintiffs respectfully request this Court issue an order enjoining the State of Texas from limiting the early voting period in the special runoff election for CD 23.

## BACKGROUND

On August 4, 2006, this Court ordered the State of Texas to conduct "special elections for the office of United States representative for the 110th Congress" pursuant to its decision to redraw Texas Congressional Districts 15, 21, 23, 25 and 28. The District Court redrew these congressional districts following the decision by the United States Supreme Court that the State's 2003 redistricting plan violated the federal Voting Rights Act by diluting the voting strength of Latinos in Congressional District 23. *See LULAC v. Perry*, 126 S. Ct. 1295 (2006). The August 4, 2006 order further provided that the Texas Secretary of State set a date for any required runoff election "in any district in which no candidate receives over 50% of the votes."

On November 21, 2006, Defendant Governor Rick Perry issued a Proclamation providing that the special runoff election for CD 23 will occur on December 12, 2006 and that early voting for the election will start December 4, 2006. Exhibit 1. On November 28, the Bexar County Commisssioners Court approved the necessary orders for that County's conduct of the special runoff election for CD 23, including an order adopting early voting hours for Saturday December 2 and Sunday, December 3, 2006. Exhibit 2 and Exhibit 3. Upon information and belief, the Bexar County Elections Administrator Jaqueline Callanen, decided to include two weekend days in the early voting period in response to a written request submitted to her by at least 15 registered Bexar County voters pursuant to Texas Election Code § 85.006 (d)(requiring the conduct of early voting on a Saturday or Sunday upon receipt of a written request). Exhibit 3.

Yesterday, November 29, 2006, Bexar County District Attorney Susan Reed ordered the Elections Administrator to halt plans for early voting on any weekend days in the special runoff election. Exhibit 4. As a result, early voting in Bexar County for the special runoff election in CD23

will last only 5 days, all of which are weekdays, instead of the 17 days (including weekends) that is required by the Texas Election Code.

Following the Supreme Court decision in *Bush v. Vera*, 517 U.S. 952 (1996), the State of Texas held special congressional elections in the redrawn congressional districts pursuant to an order of the U.S. District Court for the Southern District of Texas. The special elections were held in November, and in those districts in which no candidate won a majority of the vote, the State held special congressional runoff elections. In all of those districts, the State provided for a full 17 days of early voting, including weekend days. Exhibit 5. Thus, the established practice in Texas is to provide the full early voting period for special congressional runoff elections.

In the case at hand, Defendant Perry has chosen to break with past practice in special congressional runoff elections, truncate the early voting period and eliminate any weekend days on which voters in CD23 can cast a ballot.

Further hindering access to the polls for Latino voters in CD23, the State of Texas has set the special runoff election in CD23 for December 12, 2006 which is the Feast of the Virgin of Guadalupe.[1]

The Virgin of Guadalupe, known as "La Reina de Mexico" ("The Queen of Mexico"), is believed to have appeared in Mexico in 1531. She is the patron saint of all the Americas and is deeply revered by Catholic Mexicans and Mexican Americans, particularly in light of her role in forging the Mexican Catholic identity. Among Mexican Americans in the United States, her feast

---

[1] By contrast, the following day the State set the special election for State Representative District 29 for December 19, 2006, providing for a longer campaign period in that district as well as avoiding a conflict with an important Catholic religious holiday. Exhibit 6.

day is considered one of the holiest and is marked by attending Catholic mass as well as other festivities on that day. On the South Side of San Antonio, where many of CD23's Latino voters reside, churches are sponsoring masses, processions and parties into the evening of December 12, 2006. Exhibit 7.

The combination of shortening the early voting period, eliminating early voting on a weekend and setting the election itself on a day of religious observance will severely hamper access of Latino voters in CD23 to the special runoff election.

## ARGUMENT

The Texas Election Code, as well as past practice in the 1996 special runoff elections for Congress, support commencing early voting on December 2, 2006. Furthermore, shortening the early voting period from 17 to 10 days and commencing it on December 4 constitutes an election change that cannot be implemented because it has not been precleared by the U.S. Department of Justice.

Commencing early voting on December 2 is authorized by §85.001 (a) and (d) of the Texas Election Code which together provide:

> (a) The period for early voting by personal appearance begins on the 17th day before election day and continues through the fourth day before election day, except as otherwise provided by this section... (d) If because of the date for which an election is ordered it is not possible to begin early voting by personal appearance on the prescribed date, the early voting period shall begin on the earliest date practicable after the prescribed date as set by the authority ordering the election.

These provisions of the Election Code govern early voting in all Texas elections that are neither special runoff elections for the office of state senator or state representative nor runoff primary elections. Under this provision, early voting should have commenced on Monday, November 27,

2006. However, given the late Proclamation by the Governor, the earliest date by which Bexar County was able to make its preparations for early voting is December 2.

The State followed the mandate of §85.001 (a) in 1996, following the U.S. Supreme Court decision in *Bush v. Vera* and the subsequent redrawing of congressional districts by the U.S. District Court for the Southern District of Texas. In the special congressional runoff elections in CDs 8, 9, 25 and 28, which was held on December 10, 1996, the State commenced early voting on November 20 and provided a full 17 days of early voting for those races. Exhibit 5.

Conducting early voting for the special congressional runoff pursuant to §85.001 (a) and (d) of the Texas Election Code is also consistent with this Court's order of August 4, 2006. This Court ordered that the special congressional elections be "held under section 204.021 of the Texas Election Code in conjunction with the November 7, 2006 general election." Section 204.021, by reference to § 203, provides procedures by which candidates gain a place on the ballot and requires a majority vote for any candidate to be successful in a special election held under that section. Section 204.021 contains no provision governing the conduct of early voting. No additional language in this Court's August 4 order specifies that early voting should be conducted pursuant to any provision other than § 85.001 (a).

With respect to early voting for the November 7, 2006 special congressional election for CD23, the State followed the early voting period set out in § 85.001 (a). Nothing in the Court's order of August 4 or §§ 204.021 and 203 provides any different date to start early voting other than that set out in § 85.001 (a). Quite simply, no order of this Court or provision of Texas law permits the shortening of the early voting period for the special runoff election in CD23.

To the extent that the State has taken the position either that the Governor's November 22

Proclamation overrides the Election Code, or that the upcoming special congressional runoff should be understood to be a state legislative race under § 85.001 (b), this position is not legally correct. Such a contorted interpretation of election law would deny District 23 voters the opportunity to vote on a weekend day and defeat the purpose of this Court's remedial redistricting plan.

This Court redrew CD23 specifically to ensure that it contains a majority of Latino registered voters. The U.S. Supreme Court found that following the 2002 federal elections, Texas had violated the Voting Rights Act of 1965 when it removed Latino voters from Congressional District 23 in order to prevent them from electing their preferred candidate. *See Perry*, 126 S. Ct. at 2601 ("In essence the State took away the Latinos' opportunity because Latinos were about to exercise it.").

Because the majority of District 23 voters are Latino, and many are also low-income working people, voting early on the weekend may be the only method by which they can participate in the upcoming election. In its decision this summer, the U.S. Supreme Court specifically noted that "the political, social, and economic legacy of past discrimination for Latinos in Texas ... may well hinder their ability to participate effectively in the political process..." *Id.* at 2622 (citing *Vera v. Richards*, 861 F. Supp. 1304, 1317 (S.D. Tex.1994). The election scheduled for December 12, 2006, and its preceding early voting period, are intended to provide Latino voters of District 23 an opportunity to cast an effective vote – a vote that is free of the State-sponsored racial discrimination struck down by this nation's highest court. To deny Latino voters the opportunity to vote at the time when they are most likely to be able to get to the polls would subvert this Court's order and perpetuate the very discrimination litigated by GI Forum Plaintiffs in this case.

## CONCLUSION

For the foregoing reasons, GI Forum Plaintiffs respectfully move this Court to enjoin the State from limiting the early voting period set by Bexar County for the special runoff election for U.S. Representative for Texas Congressional District 23.

DATED: November 30, 2006                     Respectfully submitted,

                                             MEXICAN AMERICAN LEGAL DEFENSE AND
                                             EDUCATIONAL FUND

                                             BY:     /s/ Nina Perales
                                                  NINA PERALES
                                                  State Bar No. 240054046
                                                  Attorney-in-Charge
                                                  110 Broadway, Suite 300
                                                  San Antonio, Texas 78205
                                                  (210) 224-5476 (telephone)
                                                  (210) 224-5382 (facsimile)

## CERTIFICATE OF CONFERENCE

On this 30th day of November, 2006 the undersigned counsel for Plaintiffs GI Forum, et al. conferred with Edward Burbach of the Office of the Attorney General and he stated that the Defendants oppose the motion.

                                                       /s/ Nina Perales

## CERTIFICATE OF SERVICE

I hereby certify that an electronic form of this Emergency Motion was provided to counsel in this case through the Court's electronic filing system on this 30th day of November. In addition, I certify that I e-mailed a copy of this Motion to the following counsel:

Edward Burbach
Deputy Attorney General for Civil Litigation
ed.burbach@oag.state.tx.us

                                                       /s/ Nina Perales